**Robert Glen COE, Plaintiff,**

v.

**Ricky BELL, Warden, Defendant.**

**No. Civ. 3:00–0246.**

United States District Court,
M.D. Tennessee,
Nashville Division.

April 27, 2000.

Robert L. Hutton, Glankler Brown, PLLC, Memphis, TN, for Robert Glen Coe, plaintiff.

Glenn Richard Pruden, Office of the Attorney General, Nashville, TN, for Ricky Bell, defendant.

### AMENDED ORDER and MEMORANDUM

TRAUGER, District Judge.

On April 18, 2000, only hours before the execution of Robert Glen Coe, scheduled for 1:00 a.m. on April 19, 2000, Coe filed a petition to cite Warden Ricky Bell for contempt, on the ground that Bell was going to deny Coe access to his counsel during the insertion of the catheters that would carry the lethal drugs into his body. Coe maintained that this was a crucial period of time when he might be subjected to cruel and unusual punishment and when, therefore, he must have access to his counsel and to the courts.

On April 3, 2000, after an evidentiary hearing, this court had held that, contrary to state regulations, Coe was to have access to his counsel during the hour prior to his execution and that his counsel was to be allowed to witness the execution. This ruling was to safeguard Coe's constitutional right of access to the courts to address potential violations of his Eighth Amendment right to be free of cruel and unusual punishment. During the earlier proceeding, neither party addressed Coe's access

to his counsel during the insertion of the catheters. Clearly, Coe's counsel and the court had not envisioned a "gap time" of this sort, during which he would not have access to counsel.

Within a few hours of the filing of the Petition for Contempt presently before the court, the State filed a response, and a conference call was convened between counsel and the court. Warden Ricky Bell was also available by telephone to respond to factual questions posed by the court.

The filings and information furnished by defendant Bell revealed that, shortly before the scheduled execution, Mr. Coe was to be removed from his cell, placed on a gurney, and wheeled into the execution room, where two catheters would be inserted into his veins to carry the lethal drugs. As soon as that procedure was successful, the curtains would be drawn in the execution room so that the witnesses could observe the execution, which would then take place. During the insertion procedure, only IV technicians, the warden, the deputy warden, and a chaplain would be present. A physician would be nearby, ready to perform a "cut down procedure" if veins proved inadequate to support the catheters. No other persons would be present during the procedure, and Coe would have no access to his counsel during this period of time.

Coe filed the affidavit of psychologist Michael Radelet, dated February 2, 2000, that described various executions that in his opinion were "botched." Radelet defines a "botched execution" as one with unanticipated problems or where the duration caused the prisoner prolonged agony. The affidavit describes incidents of difficulty in finding a vein, clogged tubes needing to be replaced, needles popping out, kinks in tubings, and reactions to drugs that were administered. From the brief descriptions and circumstances given, this court finds that none of these situations constitutes cruel and unusual punishment.

The insertion of the catheters and administration of a lethal drug is a medical procedure that necessarily entails a certain amount of pain, discomfort, spasm or vomiting, needles popping out and getting clogged and the like. Mr. Coe is not entitled to a perfect procedure, and this court would not find these normal medical problems violative of the Eighth Amendment prohibition against cruel and unusual punishment.

The court, however, can conceive of some treatment of Mr. Coe, done in secrecy, that, no matter how unlikely it is to occur, could constitute cruel and unusual treatment. For that reason, the defendant Ricky Bell is enjoined from preventing Coe's access to his counsel during the catheter insertion procedure. Coe's counsel has suggested that the closed circuit television transmission, by which he will witness the execution itself, simply be used during the catheter insertion procedure, and that would be a satisfactory resolution.

Coe's request for an emergency stay of execution is **DENIED**. Defendant Ricky Bell is enjoined from preventing Coe's access to his attorneys for any period of time between now, as he sits in the holding cell, and his successful execution presently scheduled for the early morning hours of April 19, 2000.

It is so **ORDERED**.